UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WAYNE BONILLA,<br><br>    Plaintiffs,<br><br>v.<br><br>    Defendants. | Case Nos. 20-cv-06002-PJH<br>20-cv-06003-PJH<br>20-cv-06114-PJH<br>20-cv-06293-PJH<br>20-cv-06294-PJH<br>20-cv-06295-PJH<br>20-cv-06296-PJH<br>20-cv-06329-PJH<br>20-cv-06330-PJH<br>20-cv-06338-PJH<br>20-cv-06339-PJH<br>20-cv-06341-PJH<br>20-cv-06342-PJH<br>20-cv-06366-PJH<br>20-cv-06367-PJH<br>20-cv-06369-PJH<br>20-cv-06370-PJH<br>20-cv-06394-PJH<br>20-cv-06395-PJH<br>20-cv-06396-PJH<br>20-cv-06397-PJH<br>20-cv-06461-PJH<br><br>**ORDER DISMISSING MULTIPLE CASES WITH PREJUDICE** |

Plaintiff, a state prisoner, has filed multiple pro se civil rights complaints under 42 U.S.C. § 1983. Plaintiff is a condemned prisoner who also has a pending federal habeas petition in this court with appointed counsel. *See Bonilla v. Ayers*, Case No. 08-0471 YGR. Plaintiff is also represented by counsel in state court habeas proceedings. *See In re Bonilla*, Case No. 20-2986 PJH, Docket No. 1 at 7

In these civil rights cases plaintiff names as defendants' various state courts, federal judges and court officials. Plaintiff presents very similar claims in all these cases.

1   He seeks relief regarding his underlying conviction or how his various pro se habeas
2   petitions and other cases were handled by the state and federal courts.
3         To the extent that plaintiff seeks to proceed *in forma pauperis* (IFP) in these cases,
4   he has been disqualified from proceeding IFP under 28 U.S.C. § 1915(g) unless he is
5   "under imminent danger of serious physical injury" at the time he filed his complaint.  28
6   U.S.C. 1915(g); *In re Steven Bonilla*, Case No. 11-3180 CW; *Bonilla v. Dawson*, Case
7   No. 13-0951 CW.
8         The allegations in these complaints do not show that plaintiff was in imminent
9   danger at the time of filing.  Therefore, he may not proceed IFP.  Moreover, even if an
10  IFP application were granted, his lawsuits would be barred under *Heck v. Humphrey*, 512
11  U.S. 477, 486-87 (1994), *Younger v. Harris*, 401 U.S. 37, 43-54 (1971), *Demos v. U.S.*
12  *District Court*, 925 F.2d 1160, 1161-62 (9th Cir. 1991) or *Mullis v. U.S. Bankruptcy Court*,
13  828 F.2d 1385, 1393 (9th Cir. 1987).  Accordingly, the cases are dismissed with
14  prejudice.
15        Furthermore, these are not cases in which the undersigned judge's impartiality
16  might be reasonably questioned due to the repetitive and frivolous nature of the filings.
17  *See United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008) (absent legitimate
18  reasons to recuse himself or herself, a judge has a duty to sit in judgment in all cases
19  assigned to that judge).
20        The clerk shall terminate all pending motions and close these cases.  The clerk
21  shall return, without filing, any further documents plaintiff submits in these closed cases.
22  **IT IS SO ORDERED.**
23  Dated: September 21, 2020

                  */s/ Phyllis J. Hamilton*
                 PHYLLIS J. HAMILTON
                 United States District Judge

United States District Court
Northern District of California